IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CYNTHIA LEHMAN,

          Plaintiff,          Case No. 3:10-cv-455

vs.          Judge Thomas M. Rose

MICHAEL J. ASTRUE,          Magistrate Judge Michael R. Merz
Commissioner of Social Security,

          Defendant.

_____

**ENTRY AND ORDER OVERRULING THE COMMISSIONER'S OBJECTIONS (Doc. #16) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #14) IN ITS ENTIRETY; REVERSING THE COMMISSIONER'S DECISION THAT LEHMAN IS NOT ENTITLED TO SOCIAL SECURITY BENEFITS; REMANDING THIS MATTER TO THE COMMISSIONER FOR THE PAYMENT OF BENEFITS CONSISTENT WITH THE SOCIAL SECURITY ACT AND TERMINATING THIS CASE**
_____

Plaintiff Cynthia Lehman ("Lehman") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security benefits. On October 14, 2011, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations (doc. #14) recommending that the Commissioner's Decision be reversed and that this matter be remanded to the Commissioner for the payment of benefits consistent with the Social Security Act. The Commissioner subsequently filed Objections (doc. #16) and Lehman responded to the Commissioner's Objections (doc. # 17). This matter is, therefore, ripe for

1

decision.

Lehman initially filed applications for disability insurance benefits ("SSD") and supplemental security income benefits ("SSI") on February 3, 1998. These applications were denied on March 29, 2000, and Lehman did not appeal this decision.

Lehman then filed applications for SSD and SSI on December 12, 2001, alleging disability from March 30, 2000 due to bulging discs with nerve involvement, bilateral hand injuries, and residuals from bilateral knee surgeries. Administrative Law Judge ("ALJ") Melvin Padilla ("Padilla") held a hearing and subsequently determined that Lehman's impairments had improved and she was, therefore, able to perform a limited range of light work. Lehman did not appeal ALJ Padilla's decision.

Lehman filed her current application for SSI on June 10, 2005, alleging disability from March 1, 1997, due to bipolar disorder, high blood pressure and problems with her hands, knees and back. The Commissioner denied Lehman's application initially and on reconsideration. ALJ Daniel Shell ("Shell") then conducted a hearing and subsequently determined that Lehman is not disabled. The Appeals Council denied Lehman's request for review, and ALJ Shell's decision became the Commissioner's final decision. Lehman then appealed to this Court pursuant to 42 U.S.C. § 405(g)

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #14) and in the Commissioner's Objections (doc. #16) and Lehman's Response (doc. #17), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety. In so doing, the Court reverses

the Commissioner's decision that Lehman is not disabled and remands this matter to the Commissioner for the payment of benefits consistent with the Social Security Act.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is not supported by substantial evidence. WHEREFORE, based upon the aforesaid, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations (doc. #16) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #14) in its entirety. The Commissioner's decision that Lehman was not disabled is REVERSED, and this matter is remanded to the Commissioner for the payment of benefits consistent with the Social Security Act. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this 5th day of December, 2011.

.  **s/Thomas M. Rose**
_____
JUDGE THOMAS M. ROSE
UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record