## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

|  |  |  |
|---|---|---|
| CYNTHIA LEHMAN, | : | |
|  |  | Case No. 3:10-cv-455 |
| Plaintiff, | | |
|  |  | District Judge Thomas M. Rose |
|  |  | Magistrate Judge Michael R. Merz |
| -vs- | | |
| MICHAEL ASTRUE, | | |
| COMMISSIONER OF | | |
| SOCIAL SECURITY[1], | | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Allowance of Attorney Fees pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. §406(b)(1).  Doc. 20. The Commissioner has filed a Response to Plaintiff's Motion. Doc. 22.

Plaintiff has moved the Court for the allowance of attorney fees in the total amount of Eight Thousand Six Hundred Ninety-Eight Dollars and Nine Cents ($8698.09). In support, Plaintiff has submitted a copy of the fee agreement she entered with her counsel, a copy of the Commissioner's award letter, and counsel's Fee Application Affidavit and time record which reflect, *inter alia*, that there were 28.80 attorney hours spent pursuing this action on Plaintiff's behalf.

---

[1]    The Court notes that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.   See, http://www.ssa.gov/pressoffice . In accordance with Fed.R.Civ.P. 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Carolyn W. Colvin is automatically substituted as Defendant in this action.   However, in accordance with the practice of this Court, the caption remains the same.

In response to Plaintiff's Motion, the Commissioner stated that she initially indicated that she intended to object to Plaintiff's Motion, but that after conferring with Plaintiff's counsel and obtaining additional information about the Motion, she has determined that Plaintiff's requested amount of $8,698.09 is reasonable and would not represent a windfall in this case. PageID 182. The Commissioner represents that Plaintiff's counsel advised the Commissioner that he had received payment of $6,000.00 from the Administration that he was holding in an escrow account until he receives an order from the Court indicating that he is entitled to fees. Upon approval of Plaintiff's Motion, the Commissioner will issue a check in the amount of $2,698.09 which is the remaining balance on a fee of $8,698.09. *Id.* The Commissioner's position is that since the total fee of $8,698.09 is 25% of Plaintiff's past-due benefits, she does not object to Plaintiff's request. *Id.*

Section 206(b) of the Social Security Act, 42 U.S.C. §406(b), authorizes courts to award attorney fees after the successful prosecution of social security disability appeals. However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal.

The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past due benefits. *Gisbrecht v. Barnhard,* 535 U.S. 789, 804 (2002). In determining an award of attorney fees under the Social Security Act pursuant to a contingent fee agreement, this Court must look at the contingent fee agreement and test it for reasonableness. *Id.* at 808. Of course, contingent fee agreements are unenforceable to the extent that they provide for fees in excess of the statutory limit of 25% of past due benefits. *Id.* at 807; 42 U.S.C. § 406(b)(1)(A). Within the

25% boundary, the attorney for the successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the services rendered.  *Gisbrecht,* 535 U.S. at 807.  Section 406(b) "does not displace contingent-fee agreements" but rather "calls for the court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id.*

In the Sixth Circuit, there several leading cases on the award of attorney fees in successful social security appeals.

In *Webb v. Richardson,* 472 F.2d 529 (6th Cir. 1972), *overruled on other grounds, Horenstein v. Secretary of Health and Human Services,* 35 F.3d 261 (6th Cir. 1994), the Court expressed its concern that delay in the judicial processing of social security appeals would inflate awards of fees because the mere passage of time would increase the past due benefits from which the fee award would be made.[2]  Therefore, *Webb* limited the length of time that could be used to compute the amount of past-due benefits which would be subject to the award of attorney fees. The court held that "[i]n no event should the fee exceed 25% of the past-due benefits that would have been due if judgment had been rendered within three months [of the case being at issue]." *Webb,* 472 F.2d at 538.   The Sixth Circuit reaffirmed the temporal limitation of *Webb* in *Dearing v. Secretary of Health and Human Services,* 815 F.2d 1082 (6th Cir. 1987).

In *Rodriquez v. Bowen,* 865 F.2d 739 (6th Cir. 1989), the court addressed the question of contingent fee agreements in social security appeals.   The court held that a 25% fee agreement "should be given the weight ordinarily accorded a rebuttable presumption."  *Id.* at 746.   In addition, the *Rodriquez* court stated:

---

[2]    In *Webb,* the Sixth Circuit also adopted the single forum rule.   However, the Court abandoned that rule in *Horenstein.*

> Deductions generally should fall into two categories: (1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.

*Id.*

In *Royzer v. Secretary of Health and Human Services,* 900 F.2d 981 (6th Cir. 1990), the court applied *Rodriquez* in a situation where the district court had reduced a request for attorney fees in a case where there was a contingent fee agreement solely because the fee agreement would have resulted in what the district court perceived as a higher than normal hourly rate. In rejecting the district court's approach, the *Royzer* court said:

> Although [counsel] did not bill on an hourly basis, the district court computed his hourly rate by dividing the hours worked into the amount of the requested fee. The result was an hourly rate of $151.51. We tend to agree with the trial judge that, viewed as an hourly rate billing, this is on the high side; however, this is not an hourly rate billing. It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge computed it here. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and under compensate in others. It is the nature of the beast.

*Id.* at 982. The *Royzer* court did not reject the idea that a district judge could never reduce a contingent fee agreement to an hourly rate as part of the calculation of an appropriate fee. However, the court did stress that if there is to be a reduction in a contingent fee request, it must be in accordance with the standards set forth in *Rodriquez.*

In *Hayes v. Secretary of Health and Human Services,* 923 F.2d 418 (6th Cir. 1990), the court elaborated on *Royzer.* The *Hayes* court said that "under *Rodriquez,* a windfall can never

4

occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted by the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422.   In other words, in a contingent fee case, unless and until the hypothetical hourly rate exceeds twice the standard rate, a court may not conclude that the requested fee is a windfall.   The *Hayes* court also said that it was not limiting the discretion vested in the district courts to make deductions for improper attorney conduct or ineffectiveness of counsel.   *Id.*

Section 406(b) "does not displace contingent-fee agreements" but rather "calls for the court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."   *Gisbrecht v. Barnhart,* 535 U.S., 789, 807 (2002).

With these principles in mind, the Court turns to the present Motion.

As reflected by the representations made by Plaintiff and the Commissioner the total requested fee of $8,698.09 represents 25% of Plaintiff's past-due benefits. Counsel's affidavit indicates that counsel spent 28.80 hours representing Plaintiff.   Counsel's requested fee of $8,698.09 for 28.80 hours represents an hourly rate of $302.01. Using a conservative hourly rate of $175.00 and multiplying the number of hours counsel expended, the resulting product is $5040.00. Since the requested fee of $8,698.09 is less than twice that amount, as pointed out by the Commissioner, it will not result in a windfall.

It is therefore recommended that Plaintiff's Motion for Allowance of Attorney Fees in the total amount of Eight Thousand Six Hundred Ninety-Eight Dollars and Nine Cents ($8,698.09), (Doc. 20), be granted.

March 1, 2013.                                        s/ *Michael R. Merz*
                                                    **United States Magistrate Judge**

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).